IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV - 6 2012

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| KEVIN ROY BECKSTRAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-697-A |
| | § | |
| FORT WORTH POLICE DEPT., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION
and
### ORDER

Plaintiff, Kevin Roy Beckstrand, an inmate in the Tarrant County Jail, filed this suit pro se under 42 U.S.C. § 1983, naming as defendants Fort Worth Police Department, Tarrant County Sheriff's Department and Tarrant County Jail, Erin Mandi Beckstrand ("Erin"), Noah B. Morgan ("Noah"), Kyli Morgan ("Kyli"), Fidelity Investments, Tarrant County District Attorney Joe Shannon, Jr., ("Shannon"), and Assistant District Attorney Lloyd Whelchel ("Whelchel"). Because Fort Worth Police Department is not an entity capable of being sued, the court is substituting City of Fort Worth ("City") as the proper defendant. Likewise, Tarrant County Sheriff's Department and Tarrant County Jail are not proper defendants, and the court is substituting Tarrant County ("County") as the correct defendant.

I.

## The Complaint

Following is a summary of the allegations in the complaint:

At the time of the events giving rise to the complaint plaintiff and his wife, Erin, were separated and pursuing a divorce.  On July 26, 2011, plaintiff and his children were preparing to leave for a vacation trip; however, plaintiff had a work meeting that morning so plaintiff asked Erin to watch the children.  Erin arranged for her sister, Kyli, to pick up the children and watch them.  Following plaintiff's work meeting he attempted to locate Kyli and the children, but he was unable to reach either Kyli or Erin.  Kyli sent plaintiff a text message saying Erin had asked her to keep the children from plaintiff. The remainder of the day plaintiff attempted to locate his children and at times called the Fort Worth and Grapevine police departments for assistance.

Sometime after 10:00 p.m. plaintiff went to his former family home, where Erin still lived with the children, to look for them.  Plaintiff thought he saw a light on in his bedroom; however, no one answered when plaintiff knocked and pounded on the front and back doors and rang the doorbell.  Plaintiff, fearing his children were in danger, finally threw a rock through a window in the back door and unlocked the door.  While plaintiff

was checking the garage, his brother-in-law, Noah, entered the house and found plaintiff in the garage.  Noah and plaintiff fought, with plaintiff repeatedly hitting Noah in the face and head, and Noah eventually throwing a brick at plaintiff.  Both men ran outside; plaintiff ran to a neighbor's house and asked him to call police.  Plaintiff was arrested and charged with burglary of a habitation with intent to commit assault. Plaintiff was convicted by a jury and sentenced to three years' imprisonment.  Plaintiff is presently incarcerated in the Tarrant County Jail.

## II.

## Evaluating the Complaint Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.  A claim is frivolous if it "lacks an arguable basis in either fact or law."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the

complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989). After considering plaintiff's claims as described in the complaint, the court concludes that he has failed to state a claim for relief against any defendant.

III.

Analysis

A.   The Rule in *Heck*

In 1994, the United States Supreme Court stated that for a plaintiff to recover damages under § 1983

> for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence
> invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid
> by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C.

4

§ 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted).

Thus, the Supreme Court "unequivocally held that unless an

authorized tribunal or executive body has overturned or otherwise

invalidated the plaintiff's conviction, his claim 'is not

cognizable under [§] 1983.'" Randell v. Johnson, 227 F.3d 300,

301 (5th Cir. 2000) (per curiam) (quoting Heck, 512 U.S. at

487)).

Here, plaintiff's claims arise from events that led to his

arrest, followed by charges of burglary of a habitation with

intent to commit assault, and eventually a guilty verdict and

punishment of three years' imprisonment.  Plaintiff now alleges

that County is liable to him for unlawful imprisonment, while he

claims that City lost evidence concerning his reports to the

police that Erin had abducted his children.  Success on these

claims would necessarily imply the invalidity of plaintiff's

underlying conviction.  See Penley v. Collin Cnty., Tex., 446

F.3d 572, 573 (5th Cir. 2006) (per curiam) (Heck barred

plaintiff's claims based on allegations that  County officials

had improperly destroyed blood evidence used to convict him of

manslaughter); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d

158, 161 (5th Cir. 1995) (per curiam) (claims of illegal

imprisonment dismissed based on Heck).  Plaintiff, however, has

neither alleged nor provided the court evidence to show that his conviction has been reversed, expunged, invalidated, or otherwise called into question.  Therefore, dismissal is appropriate as to plaintiff's claims against City, and his claim of unlawful imprisonment against County.  <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1994) (per curiam).

B.   <u>Claims Against City and County</u>

    Plaintiff's claims against City and County[1] must be dismissed on the additional basis that he has failed properly to allege any claims of municipal liability against those entities. It is well-settled that local government entities cannot be held liable for the acts of their employees solely on a theory of <u>respondeat superior</u>.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978).  Liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." <u>Connick v. Thompson</u>, __ U.S. __, 131 S. Ct. 1350, 1359 (2011) (quoting <u>Monell</u>, 436 U.S. at 692) (internal quotation marks omitted).

    To hold City or County liable under § 1983 requires plaintiff to "initially allege that an official policy or custom

---

[1]Along with his claim of unlawful imprisonment, plaintiff also alleged against County claims of cruel and unusual punishment, sexual harassment and abuse, and physical abuse.

was a cause in fact of the deprivation of rights inflicted."

Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167

(5th Cir. 1997) (internal quotation marks and citation omitted).

"Official municipal policy includes the decisions of a

government's lawmakers, the acts of its policymaking officials,

and practices so persistent and widespread as to practically have

the force of law."   Connick, 131 S. Ct. at 1359.   Liability

against local government defendants pursuant to § 1983 thus

requires proof of a policymaker, an official policy, and a

violation of constitutional rights whose "moving force" is the

policy or custom.   Piotrowski v. City of Houston, 237 F.3d 567,

578 (5th Cir. 2001).

Here, nothing in the complaint alleges that an official

policy or custom was a cause in fact of the deprivation of

rights, nor has plaintiff identified any responsible policymaking

officials.   Stated differently, the complaint fails to allege the

existence of any policymaker or official policy of City or

County, nor does it contain specific facts showing the alleged

policy was the moving force behind any constitutional violation.

As no facts are alleged in the complaint that would suggest

liability on the part of City or County, the claims against those

entities are dismissed.

C.   <u>Erin, Noah, and Kyli</u>

To allege a claim pursuant to § 1983, plaintiff "must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law." <u>Bass v. Parkwood Hosp.</u>, 180 F.3d 234, 241 (5th Cir. 1999) (internal quotation marks and citation omitted). Erin is plaintiff's estranged wife, Noah is Erin's brother, and Kyli is Erin's sister. Fidelity Investments was plaintiff's former employer and Erin's employer. None of these defendants can be considered a person acting under color of state law, nor does the complaint allege anything as states a colorable claim against them under § 1983. Plaintiff's claims against Erin, Noah, Kyli, and Fidelity Investments, if any such claims exist, would arise solely under Texas law.

D.   <u>Shannon and Whelchel</u>

The only allegations directed to Shannon and Whelchel are as follows:

> Acts by this defendant that harmed me:
>     --malicious prosecution of a father, (me) that
>     defended his parental rights & possession of my
>     children. I reported my children missing to the
>     police twice on July 26th 2011. When I forcibly
>     entered my estranged wife's habitation and got
>     into a fight with my brother in law, I was charged
>     and prosecuted for burglary of a habitation with
>     intent to commit assault.

Compl. at 3.1 (errors in original).  Because the only allegations
against Shannon and Whelchel concern actions taken in their role
as prosecutors in the Tarrant County District Attorney's office,
they "are absolutely immune from liability for initiating
prosecutions and other acts intimately related to the judicial
phase of the criminal process."  Johnson v. Kegans, 870 F.2d 992,
996 (5th Cir. 1989) (internal quotation marks and citation
omitted); see also Boyd, 31 F.3d at 285.

Plaintiff also makes the conclusory allegation that Shannon
and Whelchel were involved in a cover-up and in obstructing
justice along with a state district judge who is not named as a
defendant.  Plaintiff alleges no facts to support such a claim
and thus fails to state any such claim for relief.  See Arnaud,
870 F.2d at 307.

E.   Allegations Against Jail Officers

Attached to the back of the complaint is a photocopy of a
document written by another inmate and filed by prisoners in
other cases describing actions by Officer Joseph Thornhill
("Thornhill"), who at the time was an employee of the Tarrant
County Correctional Facility/Tarrant County Jail.  At the top of
the first photocopied page plaintiff wrote that it is a statement
of abuse inflicted by Thornhill and by Officer Comer ("Comer"),

Sgt. Olmos ("Olmos"), and Sgt. Doman ("Doman"). The court finds no factual allegations sufficient to allege claims or causes of action against Comer, Olmos, and Doman. Even if such allegations were present, Comer, Olmos, and Doman have not been named as defendants in this action and plaintiff has failed to allege anything as would state a claim against County based on any acts of Comer, Olmos, and Doman.

Plaintiff has alleged facts which could state a claim against Thornhill, allegations which are similar to those in cases filed by other prisoners in the Tarrant County Jail. However, Thornhill was not named as a defendant in this action, and plaintiff has allege nothing as would impose liability on County for Thornhill's acts. The court is not considering the allegations against Thornhill, Comer, Olmos, or Doman, as alleging claims pertinent to any of the named defendants in this action.

F.   Additional Filings By Plaintiff

Since filing his original complaint plaintiff has filed the following two motions: (1) motion to include additional defendants, and (2) motion to include statement of plaintiff's personal history and request for federal protective custody ("Motion for Personal History and Custody"). The court is denying both motions.

10

In the first motion plaintiff seeks to add as defendants Roanoake Police Department, Denton County Sheriff's Office, and Denton County District Attorney's Office. Plaintiff's claims against Roanoake Police Department would be considered claims against the city of Roanoake, while claims against the Denton County Sheriff's Office would be considered claims against Denton County. It is difficult to discern exactly what plaintiff is trying to allege against these defendants. However, as discussed supra in section III.B., plaintiff has failed to allege anything as would state a claim for municipal liability against those entities. Additionally, prosecutors in the Denton County District Attorney's Office are immune from any claims arising from their actions that are "intimately related to the judicial phase of the criminal process." Johnson v. Kegans, 870 F.2d 992, 996 (5th Cir. 1989).

As to the Motion for Personal History and Custody, the court finds nothing therein as would entitle plaintiff to relief.

## IV.

### Order

Therefore,

The court ORDERS that plaintiff's motion to include additional defendants and Motion for Personal History and Custody be, and are hereby, denied.

11

The court further ORDERS that all claims and causes of action asserted by plaintiff, Kevin Roy Beckstrand, against anyone in the above-captioned case be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED November 6, 2012.

_____
JOHN MCBRYDE
United States District Judge

12